UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS A. WAYNE, JR., )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>    )<br>WILLIAM MCPHEE, et al., )<br>    )<br>    Defendants. ) | Civil Action No. 1:25-cv-01913 (UNA) |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, who resides in the District of Columbia, sues an attorney, William McPhee, who also appears to reside in the District, and an unnamed "Caucasian male suspect," who is purportedly from Maryland. *See* Compl. at 1–2. The Court notes that Plaintiff's failure to provide full addresses for both the Defendants, and a name for the latter Defendant, contravenes D.C. Local Civil Rule 5.1(c)(1). The allegations fare no better. Plaintiff alleges only that the "Caucasian male suspect" trespassed at his property on June 18, 2025, while driving a "black two door pickup truck Toyota Tacoma," for which he provides a license plate number. *Id.* at 4. He then alleges, without additional explanation, "racketeering with locked-up for William McPhee." *Id.* He does not demand relief, stating "no relief…no lawsuit." *See id.*

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) of requires a complaint to contain "(1) a

short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor Defendants can reasonably be expected to identify Plaintiff's claims or entitlement to relief, if any, nor has Plaintiff established this Court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

To that end, the subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish subject matter jurisdiction. He has failed to state a federal question. *See* 28 U.S.C. § 1331. Plaintiff does not invoke any authority that provides a federal cause of action, nor can the court independently discern any basis for federal question jurisdiction from the facts given in the Complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.").

Plaintiff has also failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff and Defendant McPhee are both located in the District of Columbia, thereby defeating any

diversity jurisdiction. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Moreover, Plaintiff has not demanded any damages, let alone alleged that the amount in controversy somehow exceeds $75,000.

Consequently, this case is dismissed without prejudice. A separate Order will issue contemporaneously.

Date:   August 21, 2025                              _____/s/_____
                                                     JIA M. COBB
                                                     United States District Judge